J-S49034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| CALVIN JOHNSON | |
| Appellant | No. 1852 WDA 2016 |

Appeal from the PCRA Order November 8, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0005737-1976

BEFORE: DUBOW, SOLANO, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                **FILED AUGUST 30, 2017**

Appellant, Calvin Johnson, appeals *pro se* from the order entered in the Allegheny County Court of Common Pleas dismissing his seventh Post Conviction Relief Act[1] ("PCRA") petition as untimely.  Appellant claims that his second PCRA petition was improperly dismissed and his current PCRA counsel was ineffective.  We affirm.

We adopt the facts and procedural history set forth by the PCRA court's opinions.  **See** PCRA Ct. Op., 3/9/17, at 1-3; PCRA Ct. Op., 11/8/16, at 1-3.  In 1977, Appellant was sentenced to an aggregate term of twenty-eight and one-half to fifty-seven years' imprisonment following his

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

convictions for reckless endangerment,[2] terroristic threats,[3] kidnapping,[4] robbery,[5] and criminal conspiracy.[6] Instantly, Appellant raises the following issues for review:

> I. Whether the PCRA [court] erred by not ruling [on] counsel's ineffectiveness for failing to amend Appellant's PCRA petition with regard to his interference by government officials claim?
>
> II. Whether the PCRA court erred when it omitted from its November 8, 2016 final order and opinion the facts in regard to Appellant's interference by government officials clam, argued during Appellant's October 14, 2016 PCRA evidentiary hearing?
>
> III. Whether the PCRA court erred by failing to quash appointed PCRA counsel's "no Merit" letter since it had been procedurally [defective] when it violated the standards outlined in **Turner/Finley**?
>
> IV. Whether the PCRA court erred when it over the objection of [ ] Appellant, permitted counsel who was no longer the counsel of record to amend her procedural[ly] [defective] "no merit" letter?

Appellant's Brief at 3.

Pro se Appellant argues that his instant seventh PCRA petition is timely pursuant to the governmental interference exception to the PCRA time bar

---

[2] 18 Pa.C.S. § 2705.

[3] 18 Pa.C.S. § 2706.

[4] 18 Pa.C.S. § 2901.

[5] 18 Pa.C.S. § 3701.

[6] 18 Pa.C.S. § 903.

under 42 Pa.C.S. § 9545(b)(1)(i).[7]  The crux of Appellant's argument concerns his contention that his second PCRA petition was erroneously dismissed by the PCRA court in 1990 because the court incorrectly found that his claims had been "previously litigated."  He also avers that the court never instructed him regarding his right to appeal from that decision.  Appellant asserts that he did not discover this mistake until October 5, 2015, and filed the instant petition within sixty days of his discovery.  Likewise, Appellant claims that his most recent PCRA counsel was ineffective for failing to file an amended PCRA petition on his behalf to properly reflect his arguments.  Appellant also points out that his PCRA counsel's ***Turner/Finley***[8] brief submitted to the PCRA court was procedurally defective, and he submits that the PCRA court erred by allowing PCRA counsel to amend her "no merit" letter.

---

[7]  Appellant filed his first petition for post conviction relief in 1980 pursuant to the Post Conviction Hearing Act, the predecessor to the PCRA.  The instant PCRA petition was filed in 2015.  "The amended PCRA provided a one-year grace period . . . to **first-time** PCRA petitioners whose judgments of sentence became final prior to the effective date[, January 16, 1996,] of the amended Act."  ***Commonwealth v. Robinson***, 12 A.3d 477, 479 n.3 (Pa. Super. 2011).  Therefore, the grace period does not apply in the present case, as this was not Appellant's first PCRA petition.  ***See id.***

[8] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On appellate review of a PCRA ruling, "we determine whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008).

> We . . . turn to the time limits imposed by the PCRA, as they implicate our jurisdiction to address any and all of Appellant's claims. To be timely, a PCRA petition must be filed within one year of the date that the petitioner's judgment of sentence became final, unless the petition alleges and the petitioner proves one or more of the following statutory exceptions:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section **and has been held by that court to apply retroactively**.
>
> 42 Pa.C.S. § 9545(b)(1).
>
> We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies. In addition, a petition invoking any of the timeliness exceptions must be filed within 60 days of the date the claim first could have been presented. 42 Pa.C.S. § 9545(b)(2). . . .

*Id.* at 719-20 (some citations omitted and emphasis added).

Our Supreme Court

> has repeatedly stated that the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely PCRA petitions. In addition, we have noted that the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act. We have also recognized that the PCRA's time restriction is constitutionally valid.

***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003) (citations and quotation marks omitted).

After careful consideration of Appellant's brief, the record, and the decision of the PCRA court, we affirm on the basis of the PCRA court's opinions. ***See*** PCRA Ct. Op., 3/9/17, at 3-5; PCRA Ct. Op., 11/8/16, at 1-4 . (holding: (1) Appellant's current PCRA petition, filed over thirty years after his was judgment of sentence became final, was patently untimely; (2) Appellant has not proven any of the timeliness exceptions because he failed to establish that he could not have discovered a mistake by the PCRA court, made in 1990, through the exercise of due diligence, or filed the instant petition within sixty days of the date the claim could have been presented; (3) PCRA counsel was not ineffective but instead provided "competent representation" and "thoroughly discharged her duties"). Accordingly, we affirm the PCRA court's dismissal of Appellant's petition.

Order affirmed.

J-S49034-17

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/30/2017

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,    CRIMINAL DIVISION

vs.    QC No. 1976-5737

CALVIN JOHNSON,


ORIGINAL
Criminal Division
Dept. of Court Records
Allegheny County, PA.

Defendant.

## MEMORANDUM ORDER

This is an appeal from an Order entered on November 8, 2016, dismissing the Defendant's seventh (7th) *pro se* Petition under the Post-Conviction Relief Act ("PCRA"). The reasons underlying the dismissal of the Defendant's seventh (7th) PCRA petition are set forth in the court's November 8, 2016 Order, which is attached hereto. Because the reasons underlying the dismissal already appear on the record, the court will forego writing a formal trial court opinion because the November 8, 2016 Order satisfies the requirements of Pa. R. App. 1925. *See* Pa. R. App. P. 1925 (a)(1) (requiring that the judge who entered the order giving rise to the notice of appeal file a "brief opinion of the reasons for the order" only "if the reasons for the order do not already appear of record").

However, in the interest of clarifying the relevant timeline of events, the court notes the following:

1) On November 25, 2015, the Defendant filed his seventh (7th) pro se PCRA

1

petition. The PCRA petition was assigned to this court on December 2, 2015.

2) On December 9, 2015, this Court issued an order appointing Suzanne Swan, Esquire to represent the Defendant in his PCRA Appeal. PCRA Counsel was given 90 days to file an Amended PCRA Petition or a No-Merit Letter.

3) On February 22, 2016, the court received multiple *pro se* pleadings from the Defendant. The *pro se* pleadings were dismissed on February 23, 2016 because PCRA Counsel had already been appointed to the case, and the *pro se* pleadings were forwarded to PCRA Counsel for her review.

4) After receiving one (1) extension of time, PCRA Counsel filed on April 13, 2016, a "Motion to Withdraw as Counsel and 'No-Merit' Letter pursuant to *Turner/Finley*".

5) The court reviewed the thorough and detailed No-Merit Letter, and it ultimately agreed with the conclusion that the Defendant's 7th PCRA petition was untimely and that it failed to meet any of the limited exception to the jurisdictional time-bar. Accordingly, on May 4, 2016, the court issued its first (1st) Notice of Intent to Dismiss Order pursuant to Pa. R. Crim. P. 907(1).

6) On May 23, 2016, the court received the Defendant's *pro se* response to the Court's proposed dismissal order. In his response, the Defendant argued that PCRA Counsel provided ineffective assistance of counsel. In essence, the Defendant claimed that PCRA Counsel was ineffective for failing to investigate his claims to his satisfaction, for disagreeing with him regarding the merits of his claims, and for her committing immaterial typographical errors in the No-Merit Letter which inadvertently referenced a different defendant's name and an incorrect appointment date.

7) In light of the nature of the claims raised in the Defendant's *pro se* response, the court felt that it was in the Defendant's best interest to schedule an evidentiary hearing on the Defendant's claim that he received ineffective assistance from PCRA Counsel. The evidentiary hearing was scheduled to take place on October 14, 2016.

8) On September 14, 2016, PCRA Counsel filed a Petition to Amend the No-Merit Letter so as to correct the typographical errors which were contained in the original No-Merit Letter filed on April 13, 2016. PCRA Counsel confirmed that the typographical errors did not impact the substance of her analysis in the No-Merit Letter, because the facts and arguments contained therein pertained only to the Defendant's case. The petition was granted that same day.

9) On September 20, 2016, the Defendant filed a *pro se* response to PCRA Counsel's Motion to Amend the No-Merit Letter, objecting to the

2

characterization of the errors as "typographical" and arguing that the No-Merit Letter was "defective" and "procedurally inconsist[e]nt with the rules of criminal procedure."

10) On October 14, 2016, a PCRA Hearing was held for the purpose of addressing the Defendant's claim that he received ineffective assistance from PCRA Counsel. (PCRA Hearing Transcript ("HT"), 10/14/16, pp. 1-19).

11) At the PCRA Hearing, the Defendant claimed that PCRA Counsel was ineffective because: (1) she disagreed with his view that he had a meritorious claim (HT, pp. 3-6, 10); (2) she inadvertently committed the typographical error regarding his name and assignment date (HT, pp. 6, 8-9); and (3) she refused to file an Amended PCRA petition at his request (HT, p. 7).

12) After considering the testimony presented by PCRA Counsel and the arguments made by the Commonwealth, the court agreed that dismissal of the Defendant's *pro se* petition was appropriate because the Defendant's seventh (7th) PCRA petition was untimely and he failed to prove that he met any of the limited exceptions to the jurisdictional time-bar. 42 Pa. C.S.A. §9545(b)(1)(i)-(iii). Accordingly, on November 8, 2016, the court issued its final dismissal order.

This timely appeal followed. On January 9, 2017, the Defendant submitted a timely Concise Statement of Errors Complained of on Appeal ("Concise Statement"), raising eight (8) issues for review. (Concise Statement, pp. 2-3). A copy of the Concise Statement also is attached to this Order. The Defendant's allegations of error on appeal are frivolous and do not merit relief. While the court finds it unnecessary to address the claims in detail since the reasons for the dismissal already appear in the record, the court does note that the Defendant's claims stem from his insistence that he met the timeliness exception under 42 Pa. C.S.A. §9545(b)(1)(i) and (ii), and that PCRA Counsel provided ineffective assistance of counsel. As stated in the Court's November 8, 2016 Order, the Defendant carried the burden of proving by a preponderance of evidence that his claims not only fell within one of the limited timeliness exceptions

3

under §9545(b)(1)(i)-(iii), but that the claim was raised "within 60 days of the date the claim could have been presented." Commonwealth v. Lark, 746 A.2d 585, 587 (Pa. 2000) (quoting 42 Pa. C.S.A. § 9545(b)(2)). Even assuming for the sake of argument that the Defendant's claims did meet one of the timeliness exceptions, the Defendant failed to meet his burden of proving that he raised the exceptions within 60 days of the date that his claims of mental incompetence/government interference could have been presented.

Furthermore, the Defendant's claims that he received ineffective assistance of PCRA Counsel is wholly without merit. PCRA Counsel, a seasoned attorney with decades of appellate experience, provided competent representation in connection with the PCRA proceedings and she thoroughly discharged her duties, notwithstanding the Defendant's claims to the contrary. As explained at the PCRA Hearing and in the Amended Petition she filed on September 6, 2016, the typographical errors were inadvertent and did not affect the substance of her analysis, which was specific to the Defendant's case.

Accordingly, the Defendant cannot meet his burden of proving that he was prejudiced by any action or inaction on the part of PCRA Counsel, and he therefore cannot prove that PCRA Counsel provided deficient representation in accordance with Strickland v. Washington, 466 U.S. 668 (1984) and Commonwealth v. Pierce, 527 A.2d 973 (Pa. 1987), which require a showing of actual prejudice. See Commonwealth v. Spotz, 84 A.3d 294, 315 (Pa. 2014) (explaining that the "Strickland/Pierce 'prejudice' standard [] require[s] Appellee to show that his trial counsel's conduct had an actual adverse effect on the outcome of the proceedings" ). Therefore, for the reasons set

4

forth in this Court's November 8, 2016 Order, the dismissal of the Defendant's seventh (7th) PCRA petition was appropriate, and it respectfully should be upheld.

BY THE COURT:

_____, J.
BETH A. LAZZARA, JUDGE
March 9, 2017

5

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

CRIMINAL DIVISION

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | ) |
| | ) |
| v. | ) CC #: 1976-5737 |
| | ) |
| CALVIN JOHNSON, | ) |
| | ) |
| Defendant. | ) |

## ORDER OF COURT

AND NOW, to-wit, this __8th__ day of November, 2016, upon consideration of PCRA Counsel's No-Merit Letter, filed on April 13, 2016, the Defendant's *pro se* response to the No-Merit Letter, received on May 23, 2016, and PCRA Counsel's Petition to Amend the No-Merit Letter, filed on September 6, 2016, and upon careful consideration of the evidence and argument presented at the PCRA hearing held on October 14, 2016,

the court HEREBY enters this final order **DISMISSING** the Defendant's seventh (7th) *pro se* PCRA petition as untimely. In entering this final dismissal order, the court notes the following:

1) The Defendant filed the instant petition on November 25, 2015;

2) As set forth in the court's Notice of Intent to Dismiss Order filed on May 4, 2016, this court carefully reviewed PCRA counsel's No-Merit Letter filed on April 13, 2016, and it conducted its own independent review of the matters raised therein;

3) PCRA Counsel had concluded that the Defendant's seventh (7th) PCRA

1

petition was time-barred, and that none of the exceptions to the jurisdictional time-bar applied. *See* 42 Pa. C.S.A. §9545(b)(1)(i)-(iii);

4) The court agreed with the assessment and conclusions of PCRA Counsel as set forth in her No-Merit Letter;

5) However, given the nature of the claims raised in the Defendant's *pro se* response to the court's Notice of Intent to Dismiss Order, the court held an evidentiary hearing on October 14, 2016;

6) At the hearing, the Defendant essentially maintained that he was entitled to PCRA relief because (1) PCRA Counsel's No-Merit Letter contained immaterial typographical errors and (2) PCRA Counsel did not file an Amended PCRA petition asserting mental incompetence, which he claims would have met the timeliness exception under 42 Pa. C.S.A. §9545(b)(1)(ii);

7) The court is aware that "mental incompetence at the relevant times, if proven, may satisfy the requirements of Section 9545(b)(1)(ii), in which case, the claims defaulted by operation of that incompetence may be entertained." Commonwealth v. Cruz, 852 A.2d 287, 288 (Pa. 2004);

8) However, in order for a claim of mental incompetence to satisfy the time-bar exception, a defendant must prove: "(1) he was and remained incompetent throughout the period during which his right to file a PCRA petition lapsed; and (2) **that his current petition was timely filed within 60 days of his becoming sufficiently competent** to ascertain the facts upon which his underlying claims are predicated." Cruz, *supra*, at 288 (emphasis added);

9) The Defendant was sentenced on November 18, 1977, and the Superior

2

Court of Pennsylvania affirmed his judgment of sentence on February 13, 1980. The Pennsylvania Supreme Court denied the Defendant's Petition for Allowance of Appeal on August 27, 1980;

10) The Defendant's judgment of sentence therefore became final on November 25, 1980, when the ninety (90) day window for seeking review before the United States Supreme Court expired. *See* Commonwealth v. Johnson, 803 A.2d 1291, 1294 (Pa. Super. 2002); 42 Pa. C.S.A. §9545(b)(3).

11) The Defendant, therefore, had until November 25, 1981, to file a timely PCRA Petition;

12) The law is well settled that any PCRA petition, including a second or successive petition, must be filed within one (1) year of the judgment of sentence becoming final, unless one of the three (3) limited exceptions applies; *See* 42 Pa. C.S.A. §9545(b)(1)(i)-(iii); Commonwealth v. Ali, 86 A.3d 173, 177 (Pa. 2014).

13) As noted in PCRA Counsel's No-Merit Letter, this is not the first time that the Defendant has attempted to claim mental incompetence as a way to overcome the statutory time-bar. Indeed, he has raised his mental incompetence claim in four (4) prior PCRA petitions: (1) His second (2nd) PCRA petition filed on June 20, 1990; (2) His third (3rd) PCRA petition filed on April 21, 1998; (3) His fifth (5th) PCRA petition filed on September 24, 2004; and (4) His sixth (6th) PCRA filed on September 7, 2010. *See* (No Merit Letter, dated 4/13/16, pp. 5-6, 10);

14) Clearly, the Defendant is unable to prove that his instant claim of

3

mental incompetence was raised within 60 days of him becoming "sufficiently competent to ascertain the facts upon which his underlying claims are predicated." Cruz, *supra,* at 288;

15) Based on the evidence of record and the arguments presented at the hearing, this court is well satisfied that the Defendant is not entitled to PCRA relief because his seventh (7th) PCRA petition is grossly untimely and fails to meet any of the time-bar exceptions;

16) As such, the Defendant's seventh *pro se* PCRA petition is **HEREBY DISMISSED** for the aforementioned reasons;

17) The Petitioner is hereby put on notice that he has the right to file, either *pro se* or through privately retained counsel, an appeal to the Pennsylvania Superior Court within thirty (30) days from the date of this Order.

BY THE COURT:

_____, J.
BETH A. LAZZARA, JUDGE

4